# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### LOUISVILLE DIVISION

**DAVIOUS ONEAL**                                                                   **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 3:22-cv-62-BJB**

**DWAYNE CLARK**                                                                   **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiff Davious Oneal, a pretrial detainee at the Louisville Metro Department of Corrections (LMDC), brought this 42 U.S.C. § 1983 lawsuit.  This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  For the following reasons, the Court dismisses Plaintiff's claims but allows him the opportunity, within 30 days, to file an amended complaint that satisfies the pleading requirements of § 1915A.

## I. STATEMENT OF CLAIMS

Plaintiff sues LMDC Director Dwayne Clark in his individual and official capacities.  He alleges that Defendant Clark and the LMDC "Administration" [1] were deliberately indifferent to his safety in violation of the Fourteenth Amendment by housing him "in conditions that put him at risk for contracting Covid-19 and that he contracted Covid-19 as a result."  He states that his dorm is dirty, smelly, and overcrowded with sick inmates.  He alleges that he repeatedly requested cleaning supplies, but the "officers" refused his requests.  He alleges that he has been sick multiple times and has asked "for medical attention which medical denied me."

Plaintiff requests punitive damages and home incarceration.

---

[1] LMDC "Administration" is not and cannot be a named Defendant.  Municipal departments are not suable under § 1983.  *See Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000); *see also Farris v. Shelby Cnty.*, No. 05-2263-M1/P, 2006 WL 1049320, at *1 n.2 (W.D. Tenn. Apr. 20, 2006) ("[G]overnmental divisions, departments, and buildings are not suable entities[.]").

## II. STANDARD OF REVIEW

When a prisoner sues a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the case if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When screening the complaint, the Court must construe it in the light most favorable to Plaintiff and accept well-pled allegations as true. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quotation omitted). And while a reviewing court liberally construes *pro se* pleadings, *see id.* at 471; *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), a complaint must include "enough facts to state a claim to relief that is plausible on its face" in order to avoid dismissal, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## III. ANALYSIS

### A. Deliberate indifference to safety

Plaintiff alleges that Defendant Clark was deliberately indifferent to his safety when he housed him in "conditions that put him at risk for contracting Covid-19," *i.e.*, a dirty dorm that is "overcrowded with sick inmates." He further alleges "that he contracted Covid-19 as a result" and "was sick multiple time[s]."

#### 1. Individual-capacity claim

The Supreme Court has construed the Fourteenth Amendment's Due Process Clause to prohibit deliberate indifference to the health and safety of incarcerated persons. Determining whether actions were deliberately indifferent requires an objective inquiry that asks whether an official "acted deliberately (not accidentally) and 'recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Westmoreland v.*

*Butler Cnty.*, 29 F.4th 721, 728 (6th Cir. 2022) (quoting *Brawner v. Scott Cnty.*, 14 F.4th 585, 596 (6th Cir. 2021)).   "This reckless-disregard standard is . . . higher than negligence, but lower than criminal recklessness; like civil recklessness, the official doesn't have to actually be aware of the harm."   *Brown v. Clark*, No. 3:22-CV-21, 2022 WL 3355805, at *2 (W.D. Ky. Aug. 12, 2022) (citing *Westmoreland*, 29 F.4th at 728).

Plaintiff doesn't specify the exact time period of concern, though he filed a grievance in January 2022.   By then, Covid was a risk that was or should have been known to prison officials. *See Brown*, 2022 WL 3355805, at *2-3.   So the only question in assessing the pleadings is whether they plausibly allege that officials responded to the risk in a reckless rather than a reasonable manner.   Officials may have acted reasonably even if the harm later materializes.   *Id.* at *3 (citing *Wilson v. Williams*, 961 F.3d 829, 840 (6th Cir. 2020)).

Even reading the complaint forgivingly, as the Court is required to do, its bare allegations of overcrowding and lack of social distancing would not (even if proven true) support a Fourteenth Amendment violation.   Unlike other complaints that have survived the § 1915A screening stage, Oneal doesn't allege that Clark took *no* Covid precautions.   *Compare Berjano v. Shepherd*, 2021 WL 1400708, at *2 (D. Az. Apr. 14, 2021 (allegation that prison took no measures to prevent spread of Covid), *with Barnett v. Gastelo*, No. 2:22-cv-4070, 2022 WL 4292344, at *5 (C.D. Cal. Aug. 22, 2022) (prison's "inability to follow all applicable" Covid precautions "does not show … deliberate indifference so long as [the prison] staff instituted reasonable measures").   The Supreme Court has typically frowned on overcrowding claims outside the Covid context.   *See Rhodes v. Chapman*, 452 U.S. 337, 343–47 (1981); *Agramonte v. Shartle*, 491 F. App'x 557, 560 (6th Cir. 2012) ("[O]vercrowding is not, in itself, a constitutional violation" unless it results in "an unconstitutional denial" of basic needs...").   So the mere

3

existence of crowded conditions, standing alone, would not satisfy the deliberate-indifference standard.

And nothing in the complaint goes further than that; nothing alleges that Clark deliberately or recklessly declined to use additional space or separation available to the facility in disregard of the inmates' health risks (whether general to the population or specific to Oneal). Missing is any allegation that Clark caused the crowded or un-distanced conditions. Like other failed theories of liability premised on the lack of social distancing in prison, the "complaint does not allege, for example, that [the facility] had enough physical space to implement [further] social distancing" yet Clark "deliberately chose not to use that space." *Dykes-Bey v. Washington*, No. 21-1260, 2021 WL 7540173, at *3 (6th Cir. Oct. 14, 2021); *see also Brown*, 2022 WL 3355805, at *5. The Constitution affords prisons wide discretion to address challenges such as Covid, even if their choices aren't the ones Oneal or even a given judge would consider the most effective. *See Wilson*, 961 F. 3d at 840, 844.

Nor are Brown's cursory claims regarding the general conditions of his incarceration—including smelly and dirty quarters—sufficient to establish a Fourteenth Amendment violation. In addition to deliberate indifference, the Constitution protects against "extreme deprivations" of humane incarceration conditions. *Agramonte*, 491 F. App'x at 559–60. The Fourteenth Amendment standards regarding a challenge to the conditions of confinement match the standards that apply under the Eighth Amendment. *See Ellis v. Pierce County*, 415 F. App'x 215, 217 (11th Cir. 2011) ("no practical difference" between Eighth and Fourteenth Amendment standards in challenges to conditions of confinement); *Schoelch v. Mitchell*, 625 F.3d 1041, 1046–47 (8th Cir. 2010) (applying "extreme deprivation" standard under Fourteenth Amendment). And under that standard, "[h]arsh and uncomfortable prison conditions do not

automatically create an [constitutional] violation.... Rather, 'extreme deprivations' must be alleged." *Agramonte*, 491 F. App'x at 559–60 (6th Cir. 2012) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)).  Plaintiff hasn't alleged that Clark has "deprive[d]" him "of the minimal civilized measure of life's necessities," which include sanitation and medical care. *Id.* at 559–60 (citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)); *Farmer*, 511 U.S. at 832.

Even accepting his allegations of foul-smelling and dirty conditions as true, the Complaint doesn't allege that Clark caused the conditions of confinement to be so unsanitary as to harm Oneal. *See id.* 491 F. App'x at 560 (distinguishing overcrowding described in *Brown v. Plata*, 563 U.S. 493, 520–21 (2011)); <u>*Brown*</u>, 2022 WL 3355805, at *6–7.

### 2. Official-capacity claim

Plaintiff's official-capacity claim against Defendant Clark is deemed to assert a claim against the entity that employs him—that is, Jefferson County.  *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (civil-rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county); *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978).

The Supreme Court has recognized that a municipal government is not automatically liable for "an injury inflicted solely by its employees or agents." *Id* at 694.  *See also id*. at 691 ("[A] municipality cannot be held liable *solely* because it employs a tortfeasor.") (emphasis in original); *Gregory v. City of Louisville*, 444 F.3d 725, 752 (6th Cir. 2006) (no vicarious liability for constitutional violations committed by city employees).

Instead, the municipality may be held liable only if the government itself is to blame for the unconstitutional acts—that is, if it adopted or ratified a policy or custom that caused the harm inflicted by its officers or employees.  *Monell*, 436 U.S. at 694 (indicating that "the government

as an entity is responsible under § 1983" only "when execution of a government's policy or custom . . . inflicts the injury").  Congress did not render municipalities liable, in other words, "unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Id*. at 691.

Proving this requires a plaintiff to "point to a municipal 'policy or custom' and show that it was the 'moving force' behind the constitutional violation." *Crabbs v. Scott*, 800 F. App'x 332, 336 (6th Cir. 2020) (quoting *Monell*, 436 U.S. at 694).  Here, Plaintiff has not identified a custom or policy which is responsible for the alleged constitutional deprivation: he has not "alleged that the jail's unsanitary condition[s]" or "overcrowding" were caused by "a custom or policy of" the municipality.  *Henning v. Madison County*, No. 20-5230, 2020 WL 8678009, at *2 (6th Cir. Sept. 3, 2020).  Plaintiff's claim against Defendant Clark in his official capacity therefore fails to state a claim upon which relief may be granted.

\* \* \*

Under Rule 15(a) of the Federal Rules of Civil Procedure, "a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the [Prison Litigation Reform Act]." *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).  If the Plaintiff can in good faith allege further facts showing Clark deliberately or recklessly rejected measures that would've better protected inmates from a risk that was or should've been known, or if he can plausibly allege a policy or custom that caused the alleged constitutional violation, Plaintiff may file an amended complaint setting forth those allegations within 30 days.

### B. Denial of medical treatment

Plaintiff alleges that "medical" denied his request for medical attention.

"Medical" is not a named Defendant in this action.  The most sensible and forgiving reading of the complaint indicates Plaintiff is referring to the jail's medical unit.  But a jail's medical department is not an entity which can be sued.  *See Sullivan v. Hamilton Cnty. Jail Staff*, No. 1:05-CV-320, 2006 WL 1582418, at *3 n.1 (E.D. Tenn. June 5, 2006) (noting that the jail's medical staff is a subdivision of the sheriff's department and not a legal entity subject to being sued); *see also Johnson v. Blackwelder*, No. 4:08-CV-91, 2009 WL 1392596, at *4 (E.D. Tenn. May 15, 2009).  The proper defendant would presumably be the Louisville Metro Government of which the jail's medical unit is a part.

To the extent Plaintiff intended to assert a claim against the Louisville Metro Government on this basis, however, that claim would likewise fail.  As explained above in the context of housing conditions, Plaintiff has not identified any policy or custom of the municipality that caused any purported constitutional violation.  *See, e.g., North v. Cuyahoga County*, 754 F. App'x 380, 391–92 (6th Cir. 2018).  The Court will, therefore, dismiss Plaintiff's claim that he was denied medical treatment for failure to state a claim.

As noted above, however, Plaintiff may under Rule 15(a) file an amended complaint within 30 days if he can in good faith name the individual or individuals responsible for denying him medical treatment and provide specific factual allegations regarding the medical attention he sought and how these individuals acted with deliberate indifference (or pursuant to a municipal custom or policy) in denying that attention to him.

### C. Request for release from confinement

Plaintiff has requested immediate release from custody as a remedy, but that is not relief this Court may grant in this civil-rights case.  *See Johnson v. Louisville*, No. 3:21-cv-P346, 2021 WL 5702424, at *2 (W.D. Ky. Dec. 1, 2021) (dismissing prisoner's claim seeking release from

confinement on initial review because "such relief is not available under § 1983"); *see also*

*Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very

fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is

entitled to immediate release or a speedier release from that imprisonment, his sole federal

remedy is a writ of habeas corpus.").  The Court dismisses Plaintiff's claim for release for failure

to state a claim upon which relief may be granted.

### IV. CONCLUSION AND ORDER

For the foregoing reasons,

The Court **DISMISSES** Plaintiff's claims against Defendant Clark, his claim for denial

of medical treatment, and his claim for release from confinement for failure to state a claim upon

which relief may be granted under 28 U.S.C. § 1915A(b)(1).

The Court **ORDERS** that **within 30 days** from the entry date of this Memorandum

Opinion and Order, Plaintiff may file an amended complaint to (1) allege facts to show that

Clark deliberately or recklessly rejected protection measures or that a policy/custom caused the

alleged constitutional violation and/or (2) name as Defendant(s) the individual(s) who denied his

request for medical attention and to provide specific allegations as to why he was requesting

medical attention and what medical attention he sought.

The Courts instructs the Clerk to place this case number and "Amended" on a § 1983

complaint form and send it, along with four blank summons forms, to Plaintiff for his use should

he wish to file an amended complaint.

Date:  November 7, 2022

Benjamin Beaton, District Judge
United States District Court

cc:     Plaintiff, *pro se*
        Defendant
        Jefferson County Attorney
B213.009

8